OPINION OF THE COURT
John A. Moriarity, J.
Defendant was issued a simplified traffic information on June 18, 1987, for a violation of Vehicle and Traffic Law § 402 (4). The simplified information states that defendant had *502 "improper plates” on his 1982 Ford pickup truck, which was registered with passenger license plates rather than commercial license plates.
At trial, the police officer testified that he issued said ticket because "the vehicle did not have a cap on the vehicle, nor did it have seats in the rear or seat belts provided for any passenger in the rear.”
The defendant claims that his vehicle was properly registered as a passenger vehicle, and that he was not in violation of Vehicle and Traffic Law § 402 (4).
Vehicle and Traffic Law § 402 (4) states that "[n]o person shall operate or drive a motor vehicle upon the public highways of this state having displayed thereon number plates not proper for such vehicle under the provisions of this chapter” (emphasis added). However, nowhere in the Vehicle and Traffic Law, nor in the rules and regulations promulgated by the Commissioner of Motor Vehicles, does it state how to determine whether to register a motor vehicle as either a commercial or passenger motor vehicle. Nor is there any definition of a passenger motor vehicle or a commercial motor vehicle.
Due process requires that a statute contain ascertainable standards of guilt, so that men of reasonable understanding are not required to guess at its meaning (Winters v New York, 333 US 507 [1948]; Lametta v New Jersey, 306 US 451 [1939]; Connally v General Constr. Co., 269 US 385 [1926]). United States Supreme Court precedents have consistently established that in order to withstand constitutional scrutiny, a statute must give a " 'person of ordinary intelligence fair notice that his contemplated conduct is forbidden’ ” (Papachristou v City of Jacksonville, 405 US 156, 162 [1972]; United States v Harriss, 347 US 612, 617 [1954]), and must contain explicit standards for law enforcement officials so that the statute is not enforced in an arbitrary and discriminating manner (Grayned v City of Rockford, 408 US 104, 108-109 [1972]).
Vehicle and Traffic Law § 402 (4) gives a person of ordinary intelligence no notice that driving a pickup truck without a cap or seats in the rear, when the vehicle is registered with passenger plates, is in violation of the statute. In fact, the entire Vehicle and Traffic Law is silent as to whether a motorist should register his vehicle as a passenger or commercial vehicle. Therefore, this court concludes that Vehicle and Traffic Law § 402 (4) is unconstitutionally void for vagueness.
*503 Moreover, the Commissioner of Motor Vehicles has allowed the defendant to register his vehicle with passenger plates, rather than commercial plates. To now hold the defendant in violation of Vehicle and Traffic Law § 402 (4) would be an act which would usurp the authority of the Commissioner of Motor Vehicles to set the standards and make the decisions on how to classify a motor vehicle’s use as either commercial or passenger in nature. Since the Commissioner of Motor Vehicles has determined that the defendant should register his motor vehicle with passenger plates, this court cannot now overturn the Commissioner’s decision by holding that defendant’s vehicle was incorrectly registered. For to do so would be a judicial review by this court of a decision of the Commissioner of Motor Vehicles, which is outside this court’s authority.
For all the foregoing reasons, the within simplified traffic information is dismissed.