OPINION OF THE COURT
John P. Di Blasi, J.
Defendant is charged with a violation of section 401 of the Vehicle and Traffic Law, in that on June 19, 1990, defendant owned and operated a 1988 Nissan pickup truck over and along a public highway of this State, to wit, Hutchinson River Parkway, in the County of Westchester, without first having registered the said vehicle in accordance with the processes of article 14 of the Vehicle and Traffic Law.
*420 The People contend that vehicular traffic on the Hutchinson River Parkway is restricted to passenger vehicles; that defendant’s vehicle was a commercial vehicle and that defendant’s vehicle was improperly registered as a passenger vehicle.
Defendant contends that his vehicle was registered by the Commissioner of Motor Vehicles as a passenger vehicle and that he cannot therefore be in violation of article 14. Further, defendant cites the case of People v Peterson (145 Misc 2d 501), which holds, inter alla, that section 402 (4) of the Vehicle and Traffic Law is unconstitutionally void for vagueness and additionally that since the Commissioner of Motor Vehicles allowed defendant to register his vehicle with passenger plates, that the court is without power to overturn his decision.
We point out at this juncture that the defendant herein is not charged with a violation of section 402 (4), but with a violation of section 401 (1) (a), which reads in pertinent part as follows:
"§ 401. Registration of motor vehicles; fees renewals
"1. Registration by owners, a. No motor vehicle shall be operated or driven upon the public highways of this state without first being registered in accordance with the provisions of this article, except as otherwise expressly provided in this chapter.”
Section 401 (1) (b) places upon the owner of the motor vehicle the responsibility of supplying information upon which the Commissioner of Motor Vehicles will base its decision as to the type of registration the vehicle will receive and reads in pertinent part as follows: "b. Every owner of a motor vehicle which shall be operated or driven upon the public highways of this state shall, except as otherwise expressly provided, cause to be presented, by mail or otherwise, to the office or a branch office of the commissioner, or to any agent of the commissioner, constituted as provided in this chapter, an application for registration addressed to the commissioner, and on a blank to be prepared under the direction of and furnished by the commissioner for that purpose, containing: (a) a brief description of the motor vehicle to be registered, including the name and factory number of such vehicle, and such other facts as the commissioner shall require; (b) the weight of the vehicle upon which the registration fee is based if the fee is based on weight; (c) the name and residence, including county of the owner of such motor vehicle”.
In the within action and during the course of trial various *421 exhibits were offered and received in evidence without objection, to wit:
(a) Defendant’s certificate of title which sets forth the vehicle’s body/hull type as pick (pickup).
(b) Department of Motor Vehicles form MV82 (6/88), used by individuals to register vehicles.
(c) Department of Motor Vehicles Issuing Office Procedures.
(d) Defendant’s motor vehicle registration.
MV82 ([b], supra) contains a section entitled "Vehicle Description” and separately encaptioned boxes respectively entitled "For Cars” and "For Other Vehicles”. So much of that form entitled "For Other Vehicles” specifically requires that the owner of a pickup truck check mark that box.
The Department of Motor Vehicles Issuing Office Procedures ([c], supra) provide as follows: "All pickup trucks are required to be registered as commercial vehicles unless the vehicle is extensively altered. See PAS in this procedure.” (New York State Dept of Motor Vehicles, item 4500, at 16 [June 22, 1987].) "Pickup trucks are registered as commercial, except if altered in such a way as to qualify as a passenger. The alteration required is the addition of a camper unit top. In addition to the camping unit, rear seats or the brackets for rear seats must be installed or have camper type equipment, which is not compatible with commercial use, such as beds, stove, refrigerator, or similar camping type equipment. Tonneau (canvas etc.) covers and standard type pickup caps do not comply with this requirement.”
The Department of Motor Vehicles Issuing Office Procedures further provide: "A passenger registration is required if the vehicle is equipped with side windows behind the front seat or a rear window and with removable seats or fittings for seats, so that seats can easily be installed and removed. The registration should show the body type SUBN.” (New York State Dept of Motor Vehicles, item 4500, at 16 [June 22, 1987].)
Section 158 of the Vehicle and Traffic Law defines a "truck” as "[e]very motor vehicle designed, used or maintained primarily for the transportation of property.”
Section 401 (6) of the Vehicle and Traffic Law reads, in pertinent part, as follows:
"6. Registration fees.
"a. The following fees shall be paid to the commissioner, or agent, upon the registration or reregistration of a motor *422 vehicle, including a suburban, in accordance with the provisions of this article * * *.
"For the purposes of this section a 'suburban’ shall be a motor vehicle with a convertible or interchangeable body or with removable seats, usable for both passenger and delivery purposes, and including motor vehicles, commonly known as depot wagons. The manufacturer’s weight of motor vehicle shall be accepted as the weight for the purpose of registration under this paragraph.”
It is clear from the statute in question which defines both "truck” and "suburban” that the defendant had clear notice from this statute that his vehicle was improperly registered and accordingly, defendant cannot succeed in his attack on said statute on the ground of statutory vagueness and/or in failure to provide notice and/or unconstitutionality. The court finds that the statute in question is constitutional, and an attack on same on the ground that it is void for vagueness cannot be sustained.
The proof adduced during the course of trial established beyond peradventure that the pickup truck with which we are concerned was not altered extensively or otherwise so as to bring it within the aforementioned exception and further and concededly, per the testimony of defendant, that the vehicle did not come within the definition of "suburban” (the classification under which it was registered, [d], supra) as that term is delineated by section 401 (6) of the Vehicle and Trafile Law.
It is further noteworthy that the defendant testified during the course of cross-examination that he could not recall what information he provided the Department of Motor Vehicles at the time of registration nor could he recall whether or not he stated in his application that the vehicle in question was in fact a truck or a pickup. The court finds that the defendant’s testimony as to this issue not to be credible.
The court finds that the defendant was fully aware that his vehicle was improperly registered as a "suburban” vehicle, that it should have been registered as a truck, to wit, a commercial vehicle and that the "suburban” registration issued to him was based on the representations made by him to the Department of Motor Vehicles. Under the circumstances we find that defendant’s reliance on People v Peterson (145 Misc 2d 501, supra) is misplaced. There is no proof that the registration was issued on anything other than the defendant’s representations.
*423 The court further finds that defendant’s vehicle was improperly registered at the times complained of by the People in violation of section 401 of the Vehicle and Trafile Law.
Accordingly, it is adjudged, that the defendant is guilty as charged, and it is ordered, that he is to appear on or before January 20th before this court, with his conviction stub, or to submit same by mail and to pay a fine of $100 and a mandatory State surcharge of $25. The defendant will have 30 days to appeal the decision and order of this court by application to the Appellate Term.