OPINION OF THE COURT
Adam Seiden, J.
The defendant is charged by simplified traffic information with violating Vehicle and Traffic Law § 401 (1) (a), for failing to register in compliance with that article. The infraction is alleged to have occurred on the Bronx River Parkway on April 27, 2004. The substance of the charge is that the defendant’s employee, Efrain Burgos, was driving defendant’s 1995 GMC *827 armor-plated van on a roadway restricted to passenger vehicles, and that the defendant’s vehicle was a commercial vehicle, improperly registered as a passenger vehicle.
At the trial, photographs of the subject van-type vehicle were presented, demonstrating that the vehicle is armor-plated, equipped with gun ports, two side windows to the rear of the front doors, windows in the rear doors, roof air vents, and work stations on each side of two single seats that sit in the rear of the vehicle. The vehicle is used to transport money to and from the defendant check cashing business.
Defendant contends that the vehicle was properly registered as a passenger-type vehicle, and relies on the January 3, 1991 decision in People v Santiago, wherein Judge Doran of the City Court of Yonkers held that an armor-plated van was properly registered as a passenger vehicle, in that the subject vehicle had windows on the side, in the rear, and fittings for a seat in the rear of the vehicle.
The Santiago decision, however, is not controlling or binding upon this court. This court finds that the subject vehicle falls within the class of vehicles that requires commercial registration. Pursuant to the New York State Department of Motor Vehicles (DMV) Commissioner’s regulations, 15 NYCRR 106.2 (eff Nov. 1, 1990), “[t]he following vehicles require commercial registration ...(b) Armored truck. A truck with bullet resistant features used for transporting money or other valuables, even if equipped with a rear side window and rear seat” (emphasis added). Vehicle and Traffic Law § 158 defines a “truck” as “[ejvery motor vehicle designed, used, or maintained primarily for the transportation of property.”
The subject vehicle in the instant case has been clearly modified to an “armored truck” within the meaning of the DMV regulations. The defendant’s van is equipped with bullet restraint features, including the windows and gun ports located on the side of the vehicle. Further, the vehicle is primarily used to transport money and other valuables to and from the defendant check cashing business.
Section 401 (1) (b) places upon the owner of the motor vehicle the responsibility of supplying information upon which the Commissioner of Motor Vehicles will base his decision as to the type of registration the vehicle will receive and reads in pertinent part as follows:
“b. Every owner of a motor vehicle which shall be operated or driven upon the public highways of this *828 state shall, except as otherwise expressly provided, cause to be presented, by mail or otherwise, to the office ... an application for registration addressed to the commissioner, and on a blank to be prepared under the direction of and furnished by the commissioner for that purpose, containing: (a) a brief description of the motor vehicle to be registered, including the name and factory number of such vehicle, and such other facts as the commissioner shall require; (b) the weight of the vehicle upon which the registration fee is based if the fee is- based on weight; (c) the name and residence, including county of the owner of such motor vehicle.” (See also People v Mulcahy, 149 Misc 2d 419 [Mount Vernon City Ct 1990].)
It is clear from the DMV rules and regulations that the defendant had clear notice that the subject vehicle was improperly registered as a passenger vehicle and that it should have been registered as a commercial vehicle. There is no proof that the passenger van registration was issued on anything other than the defendant’s presentations. The evidence produced at the hearing clearly established that the van had been altered extensively to bring it within the definition of an “armored truck,” and that the vehicle was not a van requiring passenger registration at the time complained of by the People (see id. at 422).
Accordingly, the court finds the defendant guilty of the above-noted charge.
Defendant is directed to pay a $100 fine plus a $50 surcharge by mail or in person by August 26, 2004. The fine must be paid by cash, certified check or money order.