OPINION OF THE COURT
Peter Fox Cohalan, J.
This proceeding was brought by the plaintiff, Greens at Half Hollow, LLC, by way of a summons and verified complaint, and subsequently joined in by the plaintiffs-intervenors, Jonathan Lippman, in his capacity as Chief Administrative Judge of the Courts, and the New York State Unified Court System (hereinafter UCS), seeking a declaratory judgment declaring Local Law No. 26-2002 of the Town of Huntington as codified in Town Code of the Town of Huntington § 198-125 (B) unconstitutional as enacted by the Town Board of the Town of Huntington, Long Island, New York. The basis of the challenge by the plaintiffs is that the enactment of this local law purports to authorize the Town of Huntington to operate an administrative tribunal called the Zoning Violations Bureau (hereinafter ZVB) to hear and adjudicate all town land use codes, i.e., zoning and land use violations.
Greens at Half Hollow, LLC originally instituted this action on June 23, 2005 seeking a declaratory judgment invalidating and declaring as unconstitutional Town Code § 198-125 which authorized and created the ZVB and for permanent injunctive relief preventing prosecution under the provisions of the ZVB law. Plaintiff-intervenor UCS sought intervention as the ZVB is an unconstitutional usurpation of the judicial function which rests exclusively with the New York State Unified Court System.
The motions presently before the court seek, inter alia, preliminary injunctive relief (sequence No. 001) restraining the ZVB from conducting any proceedings against the Greens for alleged violations of the Town zoning law; a motion to dismiss *417 by the Town (sequence No. 002) on preliminary grounds which has since been withdrawn; a motion by the UCS for summary judgment on the pleadings (sequence No. 003) declaring Town Code § 198-125 unconstitutional; a cross motion by the Greens for summary judgment on its complaint pursuant to CPLR 3212 (sequence No. 004) declaring the Town Code setting forth the ZVB unconstitutional; and a cross motion by the Town seeking to dismiss the action pursuant to CPLR 3211 (a) (3) on the grounds that the plaintiffs UCS and Greens do not have standing or the legal capacity to sue or, in the alternative, summary judgment dismissing the complaints.
Addressing the issue raised by the Town on the standing of the parties to object, i.e., the cross motion by the Town (sequence No. 005) for dismissal on the grounds that the parties lack standing or the legal capacity to sue, the Town argues that, since there are no pending matters presently before the ZVB against the Greens and the ZVB has no impact nor does it “affect” the jurisdiction of the Suffolk County District Court, the plaintiffs have no standing to petition this court for redress or to seek relief from the Town Code. This argument is without merit. The plaintiff Greens clearly is subject to the constraints of the Town Code which brought into existence the ZVB and it is in jeopardy of further prosecutions and adjudications through the ZVB to seek the relief requested. The UCS clearly has standing and an interest in insuring that a local law does not usurp the exclusive authority to hear and determine cases or impede the power of the courts as a coequal branch of government or constitutionally deprive the court of its powers. As enunciated in Matter of Morgenthau v Cooke (56 NY2d 24 [1982], citing Matter of Dairylea Coop. v Walkley, 38 NY2d 6 [1975]), the plaintiffs UCS and Greens are within the zone of interest to test the constitutionality of Town Code § 198-125 providing for an alternative adjudication bureau to hear and determine zoning violations within the Town and whether such ZVB intrudes upon UCS’ and Greens’ constitutional rights. Accordingly, the Town’s motion to dismiss (sequence No. 005) the actions on the grounds of standing is denied in its entirety.
As to the substantive claims involving the constitutionality of Town Code § 198-125 as enacted providing for the establishment of a Zoning Violations Bureau to handle zoning violations outside the jurisdiction of the District Court, the plaintiffs Greens and UCS move for a declaration that such Town local law is void, illegal, unenforceable and unconstitu *418 tional under articles VI and IX of the New York State Constitution, Town Law § 135 and Municipal Home Rule Law § 11 (1) (e). Plaintiffs argue that the Town with the enactment of this local law purports to establish an adjudicatory body, controlled by the Town, in derogation of the courts’ jurisdiction which was duly authorized by the State Legislature and the State Constitution. They further argue that the ZVB usurps the judicial function of the courts and moves the prosecution of town zoning violations and the attendant penalties attached to a “town established court” that fails to provide “due process” and lacks the jurisdiction to hear such cases. In support of the petition to find Town Code § 198-125 unconstitutional, the plaintiffs argue that the establishment of this ZVB by the Town usurps the judicial power of the State and renders meaningless the separation of powers among the executive, legislative and judicial functions enunciated in Marbury v Madison (1 Cranch [5 US] 137 [1803]).
The court is ever mindful of the doctrine of separation of powers as first presented by the French aristocrat Charles-Louis de Secondat, Baron de la Bréde et de Montesquieu, who propounded the tripartite form of government with its built-in checks and balances on the power given to the executive, legislative and judicial functions. In his treatise Of the Laws which Establish Political Liberty with Regard to the Constitution, Montesquieu stated “that men’s minds can not be at rest if two or three kinds of governmental power are held within the same hands.” Montesquieu’s vision of a tripartite government clearly sets forth a basis of the separation of functions, i.e., legislative, executive and judicial, a doctrine adopted by and expanded by Sir William Blackstone and James Madison.
Plaintiffs present four arguments in support of the unconstitutional usurpation of the court’s authority in this area. First, the Town law setting up the ZVB violates New York State Constitution, article VI, § 30 which establishes the court’s jurisdiction and reserves to the State Legislature the power to regulate jurisdiction and procedures. Plaintiffs further argue that article IX of the New York State Constitution expressly bans any local law that would restrict or interfere with the New York State Legislature’s power with regard to the courts except where expressly authorized. Second, the plaintiffs point to Uniform District Court Act § 203 (a) (2) in which the State Legislature expressly authorized and conferred on the District Court civil jurisdiction on all matters not exceeding $15,000, including actions involving real property, applicable local housing, building *419 and health codes imposing civil penalties and criminal matters of petty offenses, i.e., misdemeanors. Third, Town Law § 135 specifically confers jurisdiction upon the courts and judicial officers over violations of town building code or zoning ordinances as they are referred to as unspecified misdemeanors except where otherwise provided; and fourth, plaintiffs contend that the establishment of the ZVB exceeds the Town’s powers under State Constitution article IX and runs afoul of Municipal Home Rule Law § 11 (1) (e) because the Town seeks to supersede the State Legislature’s grant of jurisdiction to the District Court and by Town Code § 198-125 confer such jurisdiction on the ZVB. Plaintiffs further state that under article 14-BB of the General Municipal Law, the State Legislature has preempted the field regarding the creation and operation of local adjudicatory boards and the Town does not qualify based upon population to enact such an adjudicatory board as the ZVB. Finally, plaintiffs point to the New York State Attorney General’s opinions which, without exception, find that a town has no authority to create an administrative tribunal to adjudicate town violations because article IX, § 3 (a) (2) of the New York State Constitution bars local laws that “restrict or impair any power of the legislature in relation to . . . [t]he courts” and preempts the establishment of an administrative tribunal.
In opposition to the plaintiffs’ requested relief, the Town attempts to differentiate Town Code § 198-125 as providing for an administrative tribunal that imposes civil penalties only against real property and not persons or entities and that the District Court does not provide this remedy. The Town also argues that it has established a unique and creative means in which to enforce its zoning law in order to address serious and persistent violations of its zoning law which the Town believes the District Court has ignored or continues to be unable to adjudicate. The Town also couches its arguments in support of the zoning law as a lawsuit involving a “turf battle” between the UCS and the residents of the Town while ignoring the precepts of “due process,” separation of powers and the New York State Constitution. In its most simplified form, the Town argues that the “end justifies the means” and the effect of its actions is to disregard the New York State Constitution and “due process” under the guise of enforcing its local zoning laws — which it views as of paramount importance.
However, no town is above the law, nor should we as a freedom loving people tolerate the relaxation of constitutional safeguards *420 and due process rights in the name of a “more effective, novel, creative and new” remedy in dealing with the persistent problem of zoning violations. The court is cognizant of the Town’s dilemma in developing adequate means and remedies within which to address the recurring problem of zoning violations and the enforcement of its local laws which it believes are ignored, trivialized and minimized. Nevertheless, the court cannot condone clear violations of the New York State Constitution, statutory authority and attempts to make an “end run” around the court’s jurisdiction as a means to a justified end by “taking the law into its own hands” under the guise of a pseudo “administrative tribunal” (ZVB) of its own creation.
New York State Constitution, article VI, § 1 (a) establishes the Unified Court System and provides that the “unified court system for the state shall also include the district, town, city and village courts outside the city of New York, as hereinafter provided.” Article VI, § 16 then establishes the district courts and specifically defines the Legislature’s power to regulate and/or discontinue the district courts. Thus, the State Legislature has reserved unto itself the power to regulate the jurisdiction and procedures of the Unified Court System and the District Court to the exclusion of any local law which would abridge, impair or interfere with the operation and adjudication of legal disputes. (See, UDCA 203; Municipal Home Rule Law § 11 [1] [e]; Matter of Cohen v Board of Appeals of Vil. of Saddle Rock, 100 NY2d 395 [2003].) As plaintiff Greens properly notes in its reply memorandum of law (at 5):
“[T]he simple fact is that a large part of the District Court’s jurisdiction rests on the location of real property in the Town of Huntington. The implementation of that in rem jurisdiction by the District Court generates the same results that the defendants say is unique to the ZVB. Specifically, under Sections 203 and 404 of the District Court Act, the District Court can assess civil damages against the owners of any property located in the Town of Huntington, even if those owners live outside Huntington. Additionally, the resulting judgment becomes a lien against the property which, in turn, can result in a judicial sale of the property.”
The Town’s purported attempt to create the ZVB under the Municipal Home Rule Law violates the very law under which it seeks authority to create the ZVB since the statute expressly precludes a local municipal legislative body, such as the Town, *421 from adopting a local law (Local Law No. 26-2002, as codified in Town Code § 198-125 [B]) which would supersede a state statute if such local law “[a]pplies to or affects the courts as required or provided by article 6 of the constitution.” (Municipal Home Rule Law § 11 [1] [e].)
The UCS submits and this court agrees that the State Legislature makes it crystal clear in Uniform District Court Act § 203 that the power to adjudicate and hear violations of local land use laws rests in the District Court. Uniform District Court Act § 203 (a) reads, in pertinent part:
“The court shall have jurisdiction of the following actions . . .
“(2) An action brought to impose and collect a civil penalty for a violation of state or local laws for the establishment and maintenance of housing standards, including, but not limited to . . . any applicable local housing maintenance codes, building codes and health codes” (emphasis added).
Clearly, the State Legislature empowered the District Court with the authority and jurisdiction to hear and adjudicate local laws dealing with building and code violations. These are the very code violations which the Town seeks to enforce through its newly established ZVB. The New York State Legislature’s recognition of the authority and jurisdiction of the District Court over these code violations is a rejection of the Town’s claims that its ZVB and the local law creating it can somehow pass constitutional muster. The State Legislature in all its pronouncements has made it pellucidly clear that the court’s jurisdiction is of State concern. Thus the local law passed by the Town creating the ZVB takes upon itself both the jurisdiction and the powers to adjudicate claims involving building violations that the State Legislature firmly placed within the District Court system. The Town tries to avoid or “opt out” of the system by claiming that the penalties imposed run only with the land as a tax assessment and not against persons. The reality is that it transfers certain court proceedings and adjudications to the ZVB from the District Court, all in derogation of the State Legislature’s pronouncements in the Uniform District Court Act. Even this claim is disingenuous because Town Code § 198-125 (A) provides for penalties of $1,500, not more than $15,000, or “imprisonment not to exceed six (6) months, or both” for a third violation. This encroachment on the power of the State Legislature with regard to court jurisdiction by the *422 Town and its ZVB is unwarranted and legally indefensible. It renders unconstitutional and impermissible without New York State legislative statutory authority Local Law No. 26-2002 as codified in Town Code § 198-125.
Town Law § 135 (1) recognizes and preserves the State Legislature’s authority and court jurisdiction over all violations of local law by providing that violations of
“any ordinance, rule or regulation adopted by the town board . . . shall be deemed an offense against such code or ordinance, and the town board may provide for the punishment thereof by fine or imprisonment or both; provided, however, that for the purpose of conferring jurisdiction upon courts and judicial officers generally, violations of a town building code or zoning ordinance shall be deemed misdemeanors and for such purpose only all provisions of law relating to misdemeanors shall apply to such violations.”
This preemptive statement of the court’s jurisdiction to hear and adjudicate the Town’s local laws, ordinances and regulations is repeated in Town Law § 268 (1) which recognizes and uses the exact language that a violation of local law leaves the jurisdiction to hear and adjudicate these cases within the Unified Court System. The UCS sets forth that this constitutional doctrine of the State Legislature’s authority to regulate court jurisdiction is so clear, and the prohibition is so absolute, that the New York State Legislature, in recognizing this prohibition, provided or allowed by law select communities to establish “nonjudicial tribunals” under article 14-BB of the General Municipal Law. Not only does the Town not qualify by population for this provision under General Municipal Law article 14-BB, it did not seek authorization from the State Legislature for this Town nonjudicial tribunal to deal with its zoning violations in the Town.
Even more egregious to “due process” rights is that the local law establishing the ZVB provides for the appointment of the supposed “independent” hearing officer or adjudication officer by the Town Attorney who is also prosecuting the zoning law violation citations before the very hearing officer he appointed. This is an inherent conflict of interest. Another flaw in the local law is that it also appears to set appeal rights to litigants by providing them 30 days to appeal an adverse determination to the Supreme Court of the State of New York by way of a CPLR *423 article 78 proceeding. Clearly the Town is without authority to either set the jurisdiction of the Supreme Court or amend and modify the CPLR provisions of article 78 proceedings which provide for 120 days to bring such a special proceeding. (See CPLR 217 [1].)
The UCS said it best when briefing the issues in its memorandum of law (at 28), in summarizing the constitutional restrictions on the power of the Town to create the ZVB, and noted in pertinent part:
“Here, under Article VI that allocates court jurisdiction and reserves procedural control to the State, comprehensive statutes regulate the District Court’s jurisdiction (see UDCA §§ 201-202, 2001) and especially real property actions (see UDCA § 203), redundantly protects [sic] these powers against local interference (see MHRL § 11 [1] [e]; Town Law § 135 [l]-[2], § 268 [1]), and provide only narrow exceptions that exhaustively fix procedures to invoke jurisdiction, qualify and regulate hearing officers, conduct hearings and route appeals (see GML art 14-BB; VTL arts 2-A, 2-B; NY City Charter §§ 1048-1049; L 2005, ch 627). Thus, the State left no room for local laws like § 198-125 (B) that interfere with the adjudicative jurisdiction and procedure, especially when the Legislature did not ‘expressly’ authorize this contrary local law as the Constitution requires (NY Const, art IX, § 3 [a] [2]).”
Finally, plaintiffs aver that this alleged “creative and novel idea” by the Town for a ZVB has been the subject of a prior opinion by the New York Attorney General in 2003 (2003 Ops Atty Gen No. I 2003-18) wherein the Attorney General opined that the Town of Hamburg’s attempts to create an administrative tribunal to hear and adjudicate town building code violations and assess civil penalties was without legal authority because to do so would supersede state statutes conferring jurisdiction over such matters to the courts and which cited to article IX, § 3 (a) (2) of the State Constitution and Municipal Home Rule Law § 11 (1) (e).
The court finds that Town of Huntington Local Law No. 26-2002, as codified in Town Code § 198-125, authorizing and creating the ZVB to hear and adjudicate local zoning violations, is unconstitutional, illegal, null and void and without legal authority. The court declares Town Code § 198-125 to be unconstitutional *424 since it impermissibly usurps that power expressly reserved by the New York State Constitution to the New York State Legislature and impinges on the exclusive jurisdiction of the court as provided by the New York State Legislature. The motions for summary judgment on the complaint by the UCS and Greens (sequence Nos. 003 and 004) seeking a declaration that Town Code of the Town of Huntington § 198-125 is unconstitutional are hereby granted in their entirety. The request by plaintiff Greens for preliminary injunctive relief (sequence No. 001) is denied as moot in light of this court’s decision invalidating the ZVB and its operations as unconstitutional.
Accordingly, the court hereby declares and finds Town of Huntington Local Law No. 26-2002 as codified in Town Code § 198-125 (B) enacting and establishing the Zoning Violations Bureau unconstitutional as a matter of law and its creation and adjudication of zoning matters void ab initio.