In the Matter of KISCO EXPRESS SERVICE, INC., et al., Appellants, v GEORGE LONGWORTH, as Commissioner-Sheriff of Public Safety of the County of Westchester, et al., Respondents. [7 NYS3d 224]—

In a proceeding pursuant to CPLR article 78 in the nature of prohibition to prohibit the respondents from, inter alia, holding an adjudicatory hearing on six summonses issued to the petitioners, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Westchester County (Cacace, J.), entered June 17, 2013, which granted the respondents' motion to dismiss the petition, and dismissed the petition.

Ordered that the order and judgment is affirmed, with costs.

The petitioner Jorge Vicente Mendieta drives a seven-passenger vehicle as a taxicab for the petitioner Kisco Express Service, Inc. (hereinafter Kisco Express), which was registered with a taxicab license plate. At the relevant times, Mendieta was licensed as a taxi driver by the Village and Town of Mt. Kisco (hereinafter Mt. Kisco), and the subject vehicle was licensed as a taxicab. On December 15, 2012, Mendieta was issued three summonses to appear before the Westchester County Department of Public Safety Taxi and Limousine Commission (hereinafter TLC) for alleged violations of TLC rules, including the failure to possess valid TLC driver and vehicle permits, and a violation of TLC rule 300.15 for failure to adhere to Vehicle and Traffic Law § 402 (4). Kisco Express subsequently received three TLC summonses based on the same alleged violations, as applied to its base stations.

The petitioners commenced this CPLR article 78 proceeding in the nature of prohibition alleging that the TLC does not have the regulatory authority to adjudicate the summonses is-

sued against them because they are locally licensed by Mt. Kisco. Thus, they contended that the TLC was "about to proceed without or in excess of jurisdiction" (CPLR 7803 [2]). The petition sought a judgment prohibiting the respondents from conducting an adjudicatory hearing on the summonses, annulling and vacating the summonses, and prohibiting the issuance of summonses with respect to TLC regulations to taxicabs licensed by a local municipality and bearing taxi license plates issued by the State, as in excess of TLC authority. The respondents moved to dismiss the petition. The Supreme Court granted the motion and dismissed the petition. The petitioners appeal. We affirm.

General Municipal Law § 181 (1) grants Westchester County, as well as local municipalities, the authority to adopt ordinances regulating the registration and licensing of taxicabs and limousines. To implement this authority, the County established the TLC and enacted chapter 270 of the Westchester County Code, authorizing the TLC to license and regulate for-hire vehicles in the County. In granting the TLC regulatory authority, the County did not authorize the TLC to regulate all for-hire vehicles in the County. Section 270.101 of the County Code, entitled, "Scope," provides certain exceptions to the TLC's authority, stating that the chapter "shall not apply to taxi-cabs, buses or wheelchair accessible vehicles. In addition, this chapter shall not apply to for-hire vehicles which are licensed by a local municipality that regulates for-hire vehicles and which operate exclusively within that local municipality." A "taxicab" is defined as: "a motor vehicle registered with the New York State Department of Motor Vehicles as a 'Taxi' and bearing a 'Taxi' license plate that carries no more than five (5) passengers in Westchester County who will be charged for such transportation and that is licensed as a taxicab by either a local municipality within Westchester County or by the commission" (Westchester County Code § 270.102 [14]).

Here, the subject vehicle is registered with the State Department of Motor Vehicles as a taxi, bears a taxi license plate, and is licensed as a taxicab by Mt. Kisco. However, it is undisputed that the subject vehicle carries seven passengers. The petitioners further fail to allege that they operated the subject vehicle exclusively within Mt. Kisco. Accordingly, despite their local licenses, the petitioners do not fall within the section 270.101 exceptions to the regulatory authority over for-hire vehicles granted to the TLC. Contrary to the petitioners' contention, the County definition of "taxicabs" does not create a conflict with

the licensing scheme of Mt. Kisco or such definition in the Vehicle and Traffic Law, but merely defines the scope of the regulatory authority granted to the TLC. The petitioners failed to allege facts sufficient to overcome the strong presumption of validity of local ordinances (*see 41 Kew Gardens Rd. Assoc. v Tyburski*, 70 NY2d 325, 333 [1987]; *Matter of G&C Transp., Inc. v McGrane*, 97 AD3d 817, 818 [2012]). Accordingly, the TLC has the authority to adjudicate the summonses issued to the petitioners.

Moreover, the rules enacted by the TLC which make a violation of the Vehicle and Traffic Law a separate administrative violation do not violate the separation of powers doctrine. The TLC was authorized to enact rules and regulations to effectuate the provisions of the chapter (*see* County Code § 270.103 [12]), the intent of which was to regulate for-hire vehicles to protect the health, safety and welfare of county residents (*see* County Code § 270.100). The challenged TLC rules are consistent with the legislative scheme (*see generally Finger Lakes Racing Assn. v New York State Racing & Wagering Bd.*, 45 NY2d 471, 480 [1978]), and do not usurp any authority of local criminal courts to adjudicate alleged violations of the Vehicle and Traffic Law (*cf. Greens at Half Hollow, LLC v Town of Huntington*, 15 Misc 3d 415 [Sup Ct, Suffolk County 2006]; 35 RCNY 54-14 [a]).

To the extent that the petitioners contend that they did not violate Vehicle and Traffic Law § 402 (4) (*see generally People v Peterson*, 145 Misc 2d 501 [Nassau District Ct 1989]), such argument is properly made to the TLC as a defense to the charges. It is not relevant to the question of the TLC's authority to adjudicate the subject summonses.

Finally, the petitioners do not have standing to challenge actions of the TLC taken with respect to other drivers and transportation companies allegedly in excess of its authority.

Accordingly, the Supreme Court properly granted the respondents' motion and dismissed the petition. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.